# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DAVID PATTALIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 07 C 71 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Wayne R. Andersen |
| ) | District Judge |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the petition of David Pattalio, as a prisoner in federal custody, for a writ of habeas corpus to correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

## BACKGROUND

On September 28, 2004, Petitioner David Pattalio ("Pattalio") and six other defendants were indicted by a federal grand jury on a number of drug related offenses. Pattalio was named in four of the counts in the indictment. The indictment described an international ecstasy (also known as MDMA) conspiracy that was run by Pattalio and had been operating for a number of years. On July 2, 2005, Pattalio, represented by his retained attorney Nishay K. Sanan, pled guilty to all four counts. Pattalio's plea was made "blind" without the benefit of a plea agreement. On November 7, 2005, Pattalio filed his objections to the Presentence Investigation Report ("PSI") and sentencing memorandum. Pattalio's objections stated that his role in the conspiracy was overstated, that he should not be held responsible for all of the ecstasy shipments, and that his criminal history was improperly calculated. On December 16, 2005 this

court sentenced Pattalio to 108 months imprisonment. On December 20, 2005 Pattalio filed a notice of appeal. However, Pattalio filed a motion to dismiss the appeal on that same day, and signed the form acknowledging that he consented to the dismissal of the appeal and waived his rights to object or raise any issues on appeal. On February 27, 2006, the Court of Appeals granted Pattalio's motion to dismiss the appeal.

Pattalio filed the instant petition for habeas corpus on January 5, 2007. In his petition, Pattalio claims that he is entitled to relief due to the alleged ineffectiveness of his counsel. Specifically, Pattalio argues that his attorney: (1) failed to file a requested notice of appeal; (2) misadvised Pattalio about the consequences of filing an appeal; (3) failed to challenge the erroneous use of the incorrect guidelines at sentencing and on appeal; and (4) failed, at the sentencing proceeding and on appeal, to object to the fact that Pattalio's sentence was enhanced based on facts that were not included in the indictment, and to which Pattalio had not admitted. Based on these allegations, Pattalio requests that the court vacate, set aside or correct his sentence.

## DISCUSSION

**I.** **Standard of Review Under 28 U.S.C. § 2255**

The federal habeas corpus statute, 28 U.S.C. § 2255, provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

The court should grant a hearing on the issues raised in the petition unless the respondent

demonstrates conclusively that the petitioner is not entitled to any form of relief. 28 U.S.C. § 2255. The court must grant a hearing if the habeas petition "alleges facts that, if proven, would entitle" the petitioner to relief. *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (citing *Pittman v. Warden, Pontiac Correctional Ctr.*, 960 F.2d 688, 691 (7th Cir. 1992)). The petitioner must make specific, detailed allegations in order to qualify for a hearing; conclusory statements are insufficient. *See Daniels v. United States*, 54 F.3d 290, 293-94 (7th Cir. 1995). Petitions filed by *pro se* petitioners will be held to a more liberal standard than those filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this more liberal standard, however, no hearing is required if the record conclusively demonstrates that the petitioner is not entitled to any form of relief. *Daniels*, 54 F.3d at 293.

## II.    Petitioner's Claims of Ineffectiveness of Counsel

Pattalio claims that he is entitled to relief due to the alleged ineffectiveness of his counsel in violation of his Sixth Amendment rights. Ineffective assistance of counsel claims are examined under the two-pronged test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). This general test focuses on "the legal profession's maintenance of standards" rather than a critique of counsel's performance. *Id.* at 688. The petitioner must meet both prongs of the *Strickland* test or the claim fails. *Id.* at 687.

The first prong, the performance prong, examines whether counsel's defense meets the standard of "reasonably effective assistance." *Id.* To satisfy this prong, the petitioner must affirmatively demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court is to give a high level of

deference to counsel because it is all too easy in hindsight, after the petitioner has lost his case, to find that counsel's lack of success fell below the level of representation required by counsel to provide. *Id.* at 689. The petitioner must provide clear evidence, in the form of specific acts or omissions, to overcome this presumption. *Id.* at 689-90. The court must view the facts that the petitioner presents from the perspective of counsel at the time of the conduct alleged to be inadequate. *Id.* at 689.

The second prong, the prejudice prong, examines whether counsel's act or omission had an adverse effect on the defense. *Id.* at 692. This prong protects against the situation where counsel may have acted unreasonably but the unreasonable act or omission did not prejudice the petitioner's defense. *Id.* at 691-92. To satisfy this prong, the petitioner must affirmatively demonstrate the prejudice that resulted, and must further demonstrate that there is a "reasonable probability" that his attorney's acts or omissions affected the outcome. *Id.* at 693-94. The court should make this determination in light of the totality of the evidence. *Id.* at 695.

### A.     Failure to File the Requested Notice of Appeal

Pattalio's first ineffective assistance of counsel claim is that his attorney failed to file the requested notice of appeal. This claim is incorrect. Pattalio's attorney did file a timely notice of appeal on behalf of Pattalio on December 20, 2005. (Doc. # 147). Although the notice of appeal was subsequently withdrawn the same day (as discussed in Section B *infra*), with Pattalio's consent, the notice of appeal *was* filed. Therefore, Pattalio fails to satisfy the performance prong of the *Strickland* test, and is not entitled to habeas relief on this basis.

### B.     Erroneous Advice Regarding the Consequences of Filing an Appeal

Pattalio's second ineffective assistance of counsel claim is that his attorney gave him erroneous advice and made threats about the consequences of an appeal. Pattalio alleges that Mr. Sanan told him that he would withdraw if Pattalio appealed and that Mr. Sanan did not tell him that he had a right to an attorney on appeal, but rather told him that he would have to appeal on his own. Further, Pattalio claims that Mr. Sanan frightened him into dropping his appeal by telling him that the Seventh Circuit would be likely to find that he was responsible for a far greater amount of pills than the amount for which the district court found him responsible. Pattalio claims he later found out that the appellate court gives great deference to the district court's factual determinations and claims that this was an empty threat on the part of Mr. Sanan. To determine the validity of Pattalio's allegations that Mr. Sanan frightened him into withdrawing his appeal, this court held an evidentiary hearing on December 18, 2008.

At the evidentiary hearing Pattalio's trial counsel, Mr. Sanan, testified that he in fact did inform Mr. Pattalio that he could retain another lawyer for his appeal or have a public defender appointed for purposes of appeal, but that Pattalio rejected that idea. Furthermore, Mr. Sanan also testified that the government had informed him that, if Pattalio appealed, they would cross-appeal on the issue of the amount of pills that the district court attributed to Pattalio. Mr. Sanan stated that, based on Seventh Circuit precedent, he was legitimately concerned that the Seventh Circuit would find that there was no reasonable basis for the district court to find that Pattalio was only responsible for 20,000 pills. Because this court found Pattalio to be a leader or organizer of a conspiracy that was responsible for in excess of 300,000 pills, Mr. Sanan thought there was a very good chance that the Seventh Circuit would be inclined to attribute the entire amount of the pills to Pattalio under the reasonably foreseeable standard. Accordingly, Mr.

5

Sanan testified that he believed that Pattalio could have received at least 36 more months imprisonment if he lost the cross-appeal. Mr. Sanan stated that he presented all of these arguments to Pattalio prior to obtaining Pattalio's consent to withdraw the appeal.

This court finds Mr. Sanaan's testimony credible because Mr. Sanan presented logical and persuasive reasons as to why it would behoove Pattalio to withdraw his appeal. Furthermore, we agree with Mr. Sanan that the Seventh Circuit may have disagreed with our conclusion regarding the number of pills and may have remanded the case with orders to increase his sentence. Given these reasons, we find that Mr. Sanan's advice regarding the appeal sensible and reasonable, and that Pattalio's withdrawal of his appeal was knowing, voluntary, and wise. Thus, Pattalio's allegations do not satisfy the performance prong of the *Strickland* test. Moreover, these allegations do not satisfy the prejudice prong of the *Strickland* test because, as stated, there is a chance that Pattalio would have ultimately received a higher sentence had he not followed Mr. Sanan's advice regarding withdrawal of his appeal. Accordingly, Pattalio is not entitled to relief on this ground.

**C. Failure to Challenge the Erroneous Use of the Incorrect Guidelines at Sentencing or on Appeal**

Pattalio's third ineffective assistance of counsel claim is that his attorney failed to argue, at sentencing and on appeal, that the use of the 2001 version of the sentencing guidelines (that considered one pill of MDMA to equal 250 milligrams), as opposed to the 1998 version (that considered one pill of MDMA to equal 100 milligrams), was erroneous. At the evidentiary hearing held December 18, 2008, Pattalio argued that the 1998 guidelines should be applied, and

in his petition he further argued that the use of the 2001 guidelines violated the ex post facto clause of the constitution. However, this claim for ineffective assistance is again without merit.

First, Mr. Sanan's lengthy pre-sentence filing objecting to the PSI did in fact argue that the 1998 guidelines should be applied to determine the weight of the drugs. Additionally, a review of the sentencing transcript reveals that Mr. Sanan also argued that this court should apply the 1998 guidelines rather than the 2001 guidelines at the sentencing hearing. However, this court at the sentencing hearing rejected Mr. Sanan's argument because the average weight of the actual pills that were seized by the government was 284 milligrams. Therefore, even the 250 milligram estimate set forth in the 2001 guidelines was a generous approximation. Accordingly, Pattalio's claim with respect to the weight determination argument at sentencing fails to satisfy the performance prong of the *Strickland* test.

Second, although Mr. Sanan did not specifically make the ex post facto clause argument with respect to the appropriate guidelines, the Seventh Circuit has specified "that sentencing courts *should* use the version of the Guidelines in effect at the time of sentencing." *United States v. Olson*, No. 07-2127, 2008 U.S. App. LEXIS 16799, *8 (7th Cir. Aug. 5, 2008). Accordingly, if Mr. Sanan had raised the ex post facto argument at sentencing, it would have failed. Therefore, there was no prejudice to Pattalio for Mr. Sanan's failure to raise that argument, and this argument also fails the *Strickland* test.

Finally, Mr. Sanan's failure to bring the guidelines issue up on appeal was not due to constitutional error, but rather it was due to Pattalio's consent to dismiss his appeal and waiver of his right to appeal, as discussed in Section B *supra*. Moreover, whether or not Pattalio's attorney raised this issue on appeal is irrelevant, as this argument would not have prevailed.

Thus, there could be no prejudice to Pattalio. Accordingly, this argument fails both the performance and prejudice prongs of the *Strickland* test.

### D. Failure to Object to Erroneous Factors Used to Enhance Sentence

Pattalio's final claim for ineffective assistance of counsel is that his attorney failed to challenge his four-level leadership enhancement. However, this claim is without merit because Mr. Sanan did file a detailed objection to the PSI in which he explicitly argued that Pattalio was "not a leader or organizer" and made several arguments that attempted to diminish Pattalio's role in the conspiracy. (Doc. # 142, at pp. 6-12). Therefore, this argument must fail because it does not satisfy the performance prong of the *Strickland* test.

### CONCLUSION

For the foregoing reasons, petitioner David Pattalio's petition [1] to correct his sentence pursuant to 28 U.S.C. § 2255 is denied. This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: January 15, 2009